# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT NASHVILLE

### JULY 1998 SESSION



FILED

August 25, 1998

Cecil W. Crowson
Appellate Court Clerk

| | |
|---|---|
| **STATE OF TENNESSEE,** | ) |
| | ) C.C.A. No.  01C01-9708-CC-00357 |
| Appellee, | ) |
| | ) Williamson County |
| V. | ) |
| | ) Honorable Henry Denmark Bell, Judge |
| **UTHER CHRISTIAN,** | ) |
| | ) (Sentencing - Probation Denial) |
| Appellant. | ) |
| | ) |

FOR THE APPELLANT:

John H. Henderson
District Public Defender
407 C Main Street
P.O. Box 68
Franklin, TN 37065-0068

FOR THE APPELLEE:

John Knox Walkup
Attorney General & Reporter

Elizabeth B. Marney
Assistant Attorney General
425 Fifth Avenue North
Nashville, TN 37243-0493

Joseph D. Baugh
District Attorney General

John Barringer
Assistant District Attorney General
P.O. Box 937
Franklin, TN 37065-0937

OPINION FILED: _____

**AFFIRMED**

**PAUL G. SUMMERS,**
Judge

**O P I N I O N**

On January 3, 1997, the appellant, Uther Christian, pled guilty to possession of cocaine over .5 grams with intent to sell or deliver, which is a Class B felony. Following a sentencing hearing on June 27, 1997, the trial court fined the appellant $2,000 and sentenced him to serve eight years in the Tennessee Department of Correction.

The appellant's sole issue for our review is whether the trial court erred in failing to order an alternative sentence. We affirm.

The appellant argues that the trial court erred by denying him an alternative sentence. In his brief, the appellant admits that he has eight prior misdemeanor convictions; one prior felony conviction in 1979 for simple robbery for which he received a three-year suspended sentence; a pending charge for failure to appear; and a pending charge for aggravated robbery, which he denies. The appellant's argument essentially consists of his assertion that he should not be ordered to serve his sentence in confinement because he is addicted to crack cocaine and needs drug treatment. The appellant testified at the sentencing hearing that although he had been in a veterans' hospital in the last five or six years, he did not receive treatment for his drug problem. He contends that he was in the mental health department at the hospital and received treatment for depression.

The state contends that the trial court properly denied alternative sentencing. It asserts that the appellant, by pleading guilty to a Class B felony, is not entitled to the statutory presumption that he is a suitable candidate for alternative sentencing. In fact, the state, in its brief, contends that the appellant's criminal history indicates "a clear disregard for the laws of society and evinces a failure of past effort[s] at rehabilitation." It notes that in addition to the

appellant's previous convictions, he had pending charges for failure to appear and for aggravated robbery at the time of the sentencing hearing. Furthermore, the state argues that the appellant "has previously benefitted from lenient sentencing but has continued to violate the law." Specifically, it notes that the appellant's conviction in the case sub judice occurred just ten days after his conviction for criminal trespass in February 1996. Finally, the state insists that past efforts to rehabilitate the appellant have failed because he has been in a hospital for drug rehabilitation several times during the last five or six years.

When an appellant challenges the length, range, or manner of service of a sentence, this Court conducts a de novo review with a presumption that the determinations made by the trial court are correct. Tenn. Code Ann. § 40-35-401(d) (1997). However, this presumption is conditioned on an affirmative indication in the record that the trial court considered the sentencing principles and all relevant facts and circumstances. State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991).

The appellant bears the burden of showing that the sentence was improper. Id. In determining whether the appellant has met this burden, this Court must consider (a) the evidence adduced at trial and the sentencing hearing; (b) the presentence report; (c) the principles of sentencing; (d) the arguments of counsel; (e) the nature and characteristics of the offense; and (f) the appellant's potential or lack of potential for rehabilitation or treatment. Tenn. Code Ann. §§ 40-35-103(5), -210(b) (1997).

The first step is to determine whether the appellant is entitled to the statutory presumption that he is a favorable candidate for alternative sentencing. For a defendant to be entitled to this presumption, three criteria must be met under Tennessee Code Annotated §§ 40-35-102(5) and -102(6) (1997): the defendant must be an especially mitigated or standard offender; he or she must

be convicted of a Class C, D, or E felony; and he or she must not fall within the parameters of Tennessee Code Annotated § 40-35-102(5), which states that a defendant cannot have a criminal history that shows a "clear disregard for the laws and morals of society" or "failure of past efforts at rehabilitation." The appellant pled guilty to a Class B felony, has a prior criminal history, and has been on probation in the past. Thus, based upon the foregoing, he is not entitled to the statutory presumption as a suitable candidate for alternative sentencing.

Tennessee Code Annotated § 40-35-103 (1997) provides the following guidance regarding sentencing:

> (1) Sentences involving confinement should be based on the following considerations:
>      (A) Confinement is necessary to protect society by restraining a defendant who has a long history of criminal conduct;
>      (B) Confinement is necessary to avoid depreciating the seriousness of the offense or confinement is particularly suited to provide an effective deterrence to others likely to commit similar offenses; or
>      (C) Measures less restrictive than confinement have frequently or recently been applied unsuccessfully to the defendant.

Furthermore, Tennessee Code Annotated § 40-35-103(5) provides that the "potential or lack of potential for the rehabilitation or treatment of the defendant should be considered in determining the sentence alternative or length of a term to be imposed."

The appellant, not the state, has the burden of establishing suitability for full probation. Tenn. Code Ann. § 40-35-303(b) (1997). To meet this burden, the appellant must illustrate how probation will "subserve the ends of justice and the best interest of both the public and the defendant." State v. Bingham, 910 S.W.2d 448, 456 (Tenn. Crim. App. 1995) (quoting State v. Dykes, 803 S.W.2d 250, 259 (Tenn. Crim. App. 1990)).

In its decision, the trial court found that the three enhancement factors relied upon by the state outweighed the six mitigating factors relied upon by the

defense.  With numerous misdemeanor convictions, one prior felony conviction, and two pending charges, one for aggravated robbery and one for failure to appear, at the time of the sentencing hearing for the instant offense, the appellant has had every opportunity to prove that he can function in society without being a threat to others.  However, he has allowed his drug addiction to control his behavior; and the appellant, who has suffered gunshot wounds, is not only a threat to others but also to himself.  Furthermore, at the sentencing hearing, the appellant admitted that he had violated his probation once or twice in the past.  He has failed to carry the burden of proving that an alternative sentence would be in his best interest or in the best interest of the public.

We affirm the trial court's judgment.

_____
PAUL G. SUMMERS, Judge


CONCUR:                              -6-


_____
DAVID G. HAYES, Judge


_____
JERRY L. SMITH, Judge